UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LINDA KAY RHODUS

VERSUS

NANCY A. BERRYHILL
ACTING COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION NO.

17-545-EWD
(CONSENT)

## **RULING AND ORDER**

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (the "Motion").[1] The Commissioner of the Social Security Administration (the "Commissioner") has filed a Response.[2] For the reasons set forth herein, the Motion is granted in part and denied in part.

### I. Background

On March 26, 2019, this Court vacated the final decision of the Commissioner denying Plaintiff's applications for disability insurance benefits and supplemental security income and remanded Plaintiff's case for further administrative proceedings.[3] A judgment was entered on March 29, 2019.[4] On June 18, 2019, Plaintiff filed the instant Motion seeking a compensation for (1) 40.0 hours of attorney fees at an hourly rate of $175.00 and (2) costs in the amount of $100.00 associated with the filing fee for Plaintiff's counsel's Motion for Admission Pro Hac Vice.[5] Per its Response, "the Commissioner has no objection to Plaintiff's requested fee, but must note that

---

[1] R. Doc. 29.

[2] R. Doc. 30.

[3] R. Doc. 27.

[4] R. Doc. 28.

[5] R. Doc. 29-1, p. 3, R. Doc. 5.

the statute permitting filings *in forma pauperis* specifically bars an award of costs against the United States in such proceedings."[6]

**II.    Law and Analysis**

    **a. Plaintiff's Request for $7,000.00 in Attorney Fees is Granted**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[7] Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[8] Plaintiff seeks an award of fees in the amount of $7,000.00 (40.0 hours at the hourly rate of $175.00)[9] and the Commissioner has no objection to Plaintiff's requested fee.[10] This Court has previously approved an hourly rate of up to $175.00[11] and the hours expended appear to be reasonable.[12] Accordingly, the Court grants Plaintiff's request for an award of fees in the amount of $7,000.00 pursuant to the EAJA.

    **b. Plaintiff's Request for $100.00 in Costs is Denied**

With respect to the cost of $100.00, the Commissioner asserts that because Plaintiff was proceeding *in forma pauperis*,[13] costs cannot be recovered under the EAJA. 28 U.S.C. § 2412(a)(1) provides:

---

[6] R. Doc. 30, p. 2.

[7] 28 U.S.C. § 2412.

[8] 28 U.S.C. § 2412(d)(1)(A).

[9] R. Doc. 29-1, p. 3.

[10] R. Doc. 30, p. 2.

[11] *Gann v. Colvin*, Civil Action No. 14-489, 2017 WL 385038, at * 3 (M.D. La. Jan. 27, 2017).

[12] Plaintiff's counsel asserts that counsel actual expended 48.2 hours but that counsel will reduce the number of hours for which compensation is sought to 40.0. R. Doc. 29-1, p. 3. Plaintiff's counsel's Statement of Attorney Time Expended appears reasonable. R. Doc. 29-1.

[13] *See*, R. Doc. 3 (Order granting motion to proceed *in forma paurperis*).

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.[14]

28 U.S.C. § 1915(f)(1) provides:

> Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

"A number of courts have concluded that § 1915(f)(1) bars an award of costs against the United States in favor of a social security plaintiff proceeding *in forma pauperis*."[15] Relying on § 1915(f)(1), district courts in this Circuit have refused to permit recovery of the costs associated with mailing and photocopying by a social security claimant proceeding *in forma pauperis*,.[16] Significant to Plaintiff's request to recover the $100.00 filing fee associated with counsel's *pro hac vice* application, § 2412(a)(1) defines "costs" as those "enumerated in section 1920" and §

---

[14] 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

[15] *Jones v. Barnhart*, 1:02CV00042, 2004 WL 2297857, at * 1 (E.D. Ark. Aug. 30, 2004) (collecting cases).

[16] *See*, *Sandoval v. Apfel*, 86 F.Supp.2d 601, 614 (N.D. Tex. 2000) (denying request for recovery of photocopying cost under EAJA where claimant was proceeding *in forma pauperis*); *Anderson v. Commissioner of Social Security*, No. 3:14CV00275, 2015 WL 6828927, at * 1 (N.D. Miss. Nov. 6, 2015) (denying request for costs of overnight mailing and photocopying); *Clements v. Colvin*, No. 3:15cv20, 2015 WL 6554482, at * 2 (N.D. Miss. Oct. 29, 2015) ("Courts interpreting [28 U.S.C. § 1915(f)(1)] have consistently held that costs cannot be award against the United States in an in forma pauperis appeal. As a consequence, the court holds that plaintiff is barred from recovering $115.36 in printing costs by operation of § 1915(f)(1).").

1920(1) in turn includes "fees of the clerk" as an enumerated cost.[17] Because the filing fee qualifies as a cost enumerated in 28 U.S.C. § 1920, and because 28 U.S.C. § 1915(f)(1) prohibits the recovery of costs against the United States where a Plaintiff is proceeding *in forma pauperis*, the Court denies Plaintiff's request to recover the $100.00 fee.

### c. The Award of Fees Shall be Paid Directly to Plaintiff

Finally, the Court notes that the proposed order attached to Plaintiff's Motion provides, *inter alia*: "Subject to any offset under the Treasury Offset Program, payment of this award shall be made via the Law Offices of Chermol & Fishman, LLC. If EAJA fees and costs are not subject to any offset and an assignment is provided to SSA, the award shall be paid directly to the order of David F. Chermol, Esquire."[18] The United States Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, rather than the litigant's counsel.[19] Accordingly, the award of attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

---

[17] *See also*, *Morrison v. Quality Transportation Services, Inc.*, 05-61757, 2007 WL 9700856, at * 10 (S.D. Fla. July 5, 2007) ("Fees of the Clerk are taxable costs under § 1920(1)."). The Court recognizes that district courts have reached opposite conclusions regarding whether the fee associated with a *pro hac vice* motion is a cost within the scope of the EAJA. *See*, *Brauntz v. Astrue*, Civil Action No. 11-102, 2013 WL 28065, at * 2 (E.D. Ky Jan. 2, 2013) (finding that "the application fee for the *pro hac vice* motion should [be] regarded as a fee of the clerk and allowed as a cost" and explaining that "several courts have found that a *pro hac vice* motion application fee is not a taxable cost under [28 U.S.C. § 2412(a)(1)]….However, other courts have found that the fee for *pro hac vice* motion qualifies as a compensable cost under the statute.") (collecting cases).

[18] R. Doc. 29-3.

[19] *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 2528–29, 177 L.Ed.2d 91 (2010). *See also*, *Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir.2013); *Yearout v. Astrue*, 3:10-cv-430, 2011 WL 2988421, *3 n. 2 (N.D. Tex. March 15, 2011) (interpreting *Ratliff* to require that an EAJA award be paid directly to the prevailing claimant), adopted by 2011 WL 2990368 (N.D. Tex. July 22, 2011).

### III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act[20] is **GRANTED IN PART AND DENIED IN PART**.

The Commissioner is **ORDERED** to remit to Plaintiff's counsel a check made payable to "Linda Kay Rhodus" for attorney fees in the amount of $7,000.00.

**IT IS FURTHER ORDERED** that Plaintiff's request for recovery of $100.00 in costs associated with counsel's motion to appear *pro hac vice* is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 5, 2019.

                **ERIN WILDER-DOOMES**
                **UNITED STATES MAGISTRATE JUDGE**

---

[20] R. Doc. 29.